# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RELESTER CAIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-8171** |
| **JAMES RIVER INSURANCE COMPANY** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiffs Relester Cain ("Cain"), Xavier Ball ("Ball"), and Bryanna McClendon's ("McClendon") (collectively, the "plaintiffs") motion[1] to remand the above-captioned matter to Louisiana state court. For the following reasons, the motion is granted.

## I.

This case arises out of a May 2017 accident in which the plaintiffs, who were riding in one vehicle, were struck by another driver.[2] The other driver had an insurance policy that was allegedly insufficient to adequately compensate the plaintiffs, so they sought additional compensation from defendant James River Insurance Company ("James River"), their underinsured motorist coverage provider.[3]

According to the plaintiffs' state court petition, James River refused to provide coverage.[4] Consequently, the plaintiffs filed the present lawsuit in the Civil District Court for the Parish of Orleans.[5] In August 2018, James River removed the case to

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 10-1, at 1.
[3] *Id.*
[4] R. Doc. No. 1-1, at 2.
[5] R. Doc. No. 10-1, at 1.

this Court.[6] James River contends that this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332.[7]

## II.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Pursuant to Section 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. It is uncontested that the parties are completely diverse, as the plaintiffs are all citizens of Louisiana and James River is a foreign corporation.[8] However, the plaintiffs dispute the amount in controversy. They assert that the jurisdictional amount did not exceed $75,000 at the time of removal and that, as a result, the Court must remand this case for lack of subject matter jurisdiction.[9]

---

[6] *See generally* R. Doc. No. 1.
[7] *Id.* at 2.
[8] R. Doc. No. 1-1, at 1.
[9] *See* R. Doc. No. 10-1, at 1.

When faced with an amount-in-controversy dispute, the applicable standard of proof depends on whether the plaintiff's state court petition alleges a specific dollar amount in damages. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) When the petition alleges a specific amount and that amount exceeds $75,000, such amount "controls in good faith." *Id.* "In order for the court to refuse jurisdiction, 'it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1983)).

However, in cases, such as this one, where the petition does not specify a damages amount, the removing defendant must establish that the amount in controversy exceeds $75,000, exclusive of interest and costs, by a preponderance of the evidence. *Id.*[10] "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). Once the defendant has met his burden, the plaintiff can only defeat jurisdiction by "showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem.*

---

[10] Under Louisiana law, a plaintiff may not petition for a specific monetary amount. La. Code Civ. P. art. 893(A)(1).

*Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).[11]

### III.

Cain has sworn in an affidavit that she is not seeking to recover monetary damages in excess of $75,000. However, the Fifth Circuit has held that such post-removal affidavits are of limited significance:

> While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. . . . [I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted). The Court must therefore consider whether it is facially apparent from the plaintiffs' petition that Cain's claims exceed $75,000.[12]

---

[11] The Fifth Circuit has emphasized that this analysis is not a burden-shifting exercise. *Grant*, 290 F.3d 864, 869. "[R]ather, 'the plaintiff must make all information known at the time he files the complaint.'" *Id.* (quoting *De Aguilar*, 47 F.3d at 1412). A plaintiff may establish legal certainty "in various ways." *De Aguilar*, 47 F.3d at 1412. For example, "[p]laintiffs may attempt to establish such 'legal certainty' by submitting a 'binding stipulation or affidavit' with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold." *Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010) (quoting *De Aguilar*, 47 F.3d at 1412).

[12] The plaintiffs also contend that McClendon and Ball have concluded medical treatment for their injuries and have submitted demands to James River "for amounts significantly less" than $75,000. R. Doc. No. 10-1, at 1. However, in its opposition, James River only disputes the amount in controversy as it pertains to Cain. The Court, therefore, only considers her claims. Of course, "[t]he general rule is that each plaintiff . . . must allege damages that meet the dollar requirement of § 1332." *Allen*, 63 F.3d at 1330. "The Supreme Court has long interpreted § 1332's

James River argues that it is facially apparent from the plaintiffs' petition that the amount in controversy exceeds $75,000 because Cain requests damages for physical pain and suffering; mental anguish; permanent disability; past, present, and future medical expenses; past, present, and future loss of income; and loss of enjoyment of life.[13] However, the Court, having reviewed the petition, is not convinced that, on its face, it demonstrates that Cain's claims exceed $75,000. "To determine whether it is facially apparent from a plaintiff's petition that the jurisdictional amount is satisfied, the Court considers both the type and extent of the injuries alleged, the types of damages requested, and the presence or absence of factual allegations sufficient to establish the requisite likelihood, rather than a mere possibility, that damages will exceed $75,000." *Maze v. Protective Ins. Co.*, No. 16-15424, 2017 WL 164420, at *4 (E.D. La. Jan. 17, 2017) (Engelhardt, J.).

The allegations in the petition are entirely too vague to support a finding that Cain's claims exceed $75,000. The petition does not specify the type, number, nature, or severity of the injuries. Nor does it indicate that Cain has been hospitalized, underwent surgery, or has been recommended any particular treatment. *See Bonck v. Marriott Hotels, Inc.*, No. 02-2740, 2002 WL 31890932, at *2 (E.D. La. Dec. 30,

---

phrase 'matter in controversy' not to allow multiple plaintiffs to add together 'separate and distinct demands, unite[d] for convenience and economy in a single suit,' to meet the requisite jurisdictional level." *Id.* (quoting *Snyder v. Harris*, 394 U.S. 332, 336 (1969)). Aggregation may be permitted "in the limited situation where 'two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest," but that narrow exception is inapplicable to this case. *Id.*

[13] R. Doc. No. 13, at 2; *see also* R. Doc. No. 1-1, at 2.

2002) (Vance, J.) (noting that the plaintiff did not allege "any required surgery" or mention any "period of hospitalization"); *Vaughn v. Todd*, 71 F.Supp.2d 570, 572 (E.D. La. Oct. 21, 1999) (Fallon, J.) (holding that remand was proper based on a jurisdictional amount inquiry, in part because, "[w]hile the plaintiffs' list [of claims] is extensive, there is no evidence as to the *nature or extent* of any of the claims") (emphasis added); *see also Touchet v. Union Oil Co. of Cal.*, No. 01-2394, 2002 WL 465167, at *2 (E.D. La. Mar. 26, 2002) (Sear, J.) ("The plaintiffs allege[ ], without specificity, injuries to his 'neck, back, and other parts of his body.' There is nothing in the petition to suggest the level of severity of these alleged injuries.").

Although Cain alleges a long list of damages, "such allegations alone, unaccompanied by pertinent factual detail, 'simply provide[ ] the usual and customary damages set forth by personal injury plaintiffs and do[ ] not provide the Court with any guidance as to the actual monetary amount of damages [Plaintiff[ ] has] or will incur.'" *Maze*, 2017 WL 164420, at *4 (quoting *Carver v. Wal-Mart Stores, Inc.*, No. 08-42, 2008 WL 2050987, at *2 (M.D. La. May 13, 2008)). There are no factual allegations in the petition that support Cain's extensive damage claims. Thus, on the basis of the petition alone, the Court cannot conclude that her damages exceed $75,000.

Because the petition fails the facially apparent test, the Court must consider whether James River has set forth facts in controversy that nonetheless support a finding of the requisite jurisdictional amount. *Allen*, 63 F.3d at 1335. In its notice of removal, James River offers "summary judgment type" evidence in an attempt to

demonstrate that Cain's claims are likely to exceed $75,000. *Manguno*, 276 F.3d at 723. Based on Cain's medical records between May 2017 and April 2018, James River avers that she alleges injuries to multiple parts of her body—including her neck, ribcage, hips, shoulders, and back—and that she has received at least six "muscle/trigger injections" since the accident occurred.[14] Additionally, James River relies on such records to assert that Cain continues to "actively treat for pain[ ] over a year after the accident."[15]

Cain argues that the requisite jurisdictional amount has not been met because she has sworn by affidavit that she seeks damages less than $75,000. Because the Court has determined that it is not facially apparent from the petition that the amount in controversy exceeds $75,000 and because the Court also finds that such amount is ambiguous, the Court may consider the affidavit in evaluating the existence of jurisdiction. *Gebbia*, 233 F.3d at 883.

However, regardless of the weight the Court gives Cain's sworn statement, James River has failed to demonstrate by a preponderance of the evidence that the amount-in-controversy requirement has been met. Cain's medical records indicate that, as of April 2018, she has accumulated just over $3,000 in medical bills, which is significantly below the $75,000 threshold.[16] James River points to injection treatments that Cain received, but she has not received an injection since November

---

[14] *See* R. Doc. No. 1-2, at 1 (Exhibit B, Cain's medical records); R. Doc. No. 1-3, at 1 (Exhibit C, Cain's medical billing records).
[15] R. Doc. No. 1, at 4 (citing R. Doc. No. 1-3).
[16] *See* R. Doc. No. 1-3, at 2.

2017.[17] Furthermore, James River has not suggested that Cain requires surgery or other intensive medical treatment—or even that surgery has been recommended. Neither has James River provided any evidence or made any allegations as to Cain's future medical costs. Indeed, while James River notes that Cain is still seeing a doctor for her pain, it does not even attempt to estimate the value of her treatment.

Instead, James River cites a string of cases in which it contends plaintiffs with similar injuries received damage awards of more than $75,000.[18] However, because the plaintiffs' petition includes no specific factual allegations and the medical records do not indicate any specific diagnoses or treatment plans, it is impossible to conclude whether the cases James River cites are sufficiently analogous to this case to compare the claims.

Ultimately, the Court concludes that James River has not demonstrated by a preponderance of the evidence that Cain's claims are likely to exceed $75,000. The facts and evidence adduced by James River, without more, are simply not sufficient to support a finding of the required jurisdictional amount.

---

[17] *Id.* at 1.
[18] R. Doc. No. 1, at 4.

8

**IV.**

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to remand is **GRANTED** and the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans for lack of subject matter jurisdiction.

New Orleans, Louisiana, September 24, 2018.

                                             **LANCE M. AFRICK**
                                    **UNITED STATES DISTRICT JUDGE**